UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JILL COOK, | Case No. 2:14-cv-00524-RFB-PAL |
| Plaintiff, | ORDER |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

The court conducted a hearing on Plaintiff's Motion to Compel State Farm's Responses to Plaintiff's First Set of Interrogatories and First Set of Request for Production of Documents and Request for Sanctions (Dkt. #27) on February 26, 2015. John Keating appeared on behalf of the Plaintiff, and James Harper appeared on behalf of the Defendant. The court has considered the motion, Defendant's Response (Dkt. #31), Plaintiff's Reply (Dkt. #33) and the arguments of counsel at the hearing.

The complaint in this case was filed in state court and removed (Dkt. #1) April 7, 2014. It involves a single claim for breach of contract. Plaintiff was involved in an automobile accident on December 19, 2012, on Greenway Road in Henderson, Nevada. The parties agree that the driver of the other vehicle, Edward Hale, was liable for the accident. His insurance carrier tendered his policy limits of $15,000. At the time of the accident, Plaintiff had uninsured motorist (UIM) coverage with State Farm in the amount of $100,000. In August 2013, she made a demand on State Farm for UIM benefits. At the time she made her demand, she forwarded medical records and other information indicating that she had incurred approximately $16,000 in medical specials. According to the Plaintiff, State Farm did not issue a determination letter for almost seven months until sending a letter on February 13, 2014, denying UIM coverage, but offering to settle with the Plaintiff for $157.00.

On May 20, 2014, the court granted the parties' proposed discovery plan and scheduling order which established a January 5, 2014, discovery cutoff. The parties subsequently requested and received a 90-day extension of the discovery plan and scheduling order deadlines. *See* Dkt. #22. The current discovery cutoff is April 6, 2015. Plaintiff timely filed a motion to amend the complaint to add claims for bad faith and violations of Nevada's Unfair Claims Practices Act. After the motion to amend was filed, the case was reassigned to a new district judge after briefing on the motion to amend was completed.

Plaintiff seeks to compel State Farm to respond to written discovery served June 11, 2014. State Farm provided some discovery responses, but objected to discovery requests which it claims are irrelevant to Plaintiff's breach of contract claim. Defense counsel recognized that the motion to amend would almost inevitably be granted, and therefore recommended that his client would provide substantive responses. However, State Farm resisted discovery as premature because it did not want to set a precedent to enable the Plaintiff's bar to obtain discovery potentially relevant to bad faith and Unfair Claims Practices Act in the absence of a complaint asserting these claims.

Having reviewed and considered the moving and responsive papers, including the motion to amend and State Farm's response, the court will compel State Farm to provide responses to the majority of the requests in dispute. Leave to amend a complaint is liberally allowed. The motion to amend the complaint was timely filed. The parties have requested and received an extension of the discovery plan and scheduling order deadlines. Defense counsel took the Plaintiff's deposition and asked questions directed to her bad faith claims and delaying discovery would exalt form over substance as defense counsel acknowledges the district judge will almost certainly grant the motion to amend the complaint.

The court finds that the majority of Plaintiff's discovery requests in dispute in this case are relevant and discoverable within the meaning of Rule 26(b)(1). The court will therefore compel State Farm to provide full and complete answers to the interrogatories in dispute in the motion, and compel State Farm to provide full and complete responses to some, but not all of Plaintiff's requests for production of documents. State Farm's objections to the interrogatories

are overruled. Although State Farm did not serve a privileged document log for documents withheld on the basis of privilege, the court will allow State Farm to serve a privileged document log and withhold documents on the basis of privilege to the requests for production of documents compelled in this order. The privileged document log shall fully comply with the requirements of Rule 26(b)(5).

The court will not order monetary or other sanctions finding that State Farm's position was substantially justified in that the parties had a genuine dispute on a matter of which reasonable people could differ as to the appropriate outcome. *See, Pierce v. Underwood*, 487 U.S. 522, 565 (1988).

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**.
2. The Motion is **GRANTED** to the extent Defendant's objections to Interrogatories 2, 4, 5, 6, 9, 10 and 11 are overruled and Defendant shall provide full and complete responses to these interrogatories.
3. Defendant's objections to Request for Production Nos. 3, 5, 6, 7, 11, 12 and 17 are overruled. However, as the court has found State Farm's resistance to this discovery was substantially justified, the court will not find waiver of the attorney-client or work-product privilege. Defendant shall fully and completely respond to these requests for production of documents, but may withhold or privileged documents or redact portions of documents containing privileged communications. Defendants shall serve a privileged document log which fully complies with the requirements of Fed. R. Civ. P. 26(b)(5) for any responsive documents withheld from production or redacted on the basis of privilege.
4. Defendant shall have until **March 19, 2015,** to supplement its discovery responses consistent with this order.
5. The court will grant the parties a 90-day extension of the discovery plan and scheduling order deadlines as follows:
    a. Last date to complete discovery: **July 6, 2015.**

3

      b. Last date to amend pleadings and add parties: **April 7, 2015.**

      c. Las date to file interim status report: **May 7, 2015.**

      d. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **May 7, 2015.**

      e. Last date to disclose rebuttal experts: **June 8, 2015.**

      f. Last date to file dispositive motions: **August 5, 2015.**

      g. Last date to file joint pretrial order: **September 4, 2015**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

      h. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received no later than **4:00 p.m., June 15, 2015,** and shall fully comply with the requirements of LR 26-4.

6. Absent compelling circumstances and a strong showing that the parties could not complete discovery within the extended time allowed despite the exercise of due diligence, no further extensions will be granted.

DATED this 26th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4