UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JILL COOK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-00524-RFB-PAL<br><br>**ORDER**<br><br>Plaintiff's Motion to Amend Complaint (ECF No. 15) |

**I.　INTRODUCTION**

This matter is before the Court on Plaintiff Jill Cook's Motion to Amend the Complaint. ECF No. 15. For the reasons discussed below, Cook's motion is granted.

**II.　BACKGROUND**

Cook filed a Complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") in state court on March 3, 2014, which was removed to this Court on April 7, 2014. Pet. for Removal, ECF No. 3. In her Complaint, Cook alleges that she suffered injuries as a result of an automobile collision with a car driven by Edward Hale. Pet. for Removal Ex. A at 2. Cook alleges that Hale is an under-insured motorist according to Nevada law and that Hale's automobile liability insurance has tendered the limits of Hale's liability coverage to her. Id. at 3. Cook states that this amount was insufficient to compensate her for the damages she suffered from the collision and that State Farm is obligated to pay those damages in excess of the amount tendered to her under Hale's insurance coverage. Id.

On May 20, 2014, the Court entered a Scheduling Order that set a deadline of October 7, 2014 for filing motions to amend the pleadings or to add parties. ECF No. 13. Cook filed a Motion to Amend on July 9, 2014, within the deadline imposed by the Scheduling Order. ECF No. 15. Cook seeks to amend her Complaint to add claims for breach of the implied covenant of good faith and fair dealing and for violations of Nevada's Unfair Claims Practices Act. Id. at 4. State Farm opposes the motion, arguing that Cook has shown undue delay and dilatory motive and that her newly asserted claims are futile as a matter of law because they are improperly based on State Farm's post-litigation conduct.

### III.   LEGAL STANDARD

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired" before the filing of the motion to amend).

According to Rule 15, courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice is the "touchstone" of the Rule 15(a) analysis, however, and therefore receives the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

### IV.     DISCUSSION

The Court finds that State Farm has not made a showing of any of the Foman factors and therefore grants Cook leave to amend her Complaint. In its opposition brief, State Farm contends that Cook has unduly delayed in seeking leave to amend, that she acted with a dilatory motive, and that amendment would be futile. These arguments are unpersuasive.

First, there is no evidence before the Court that Cook unduly delayed or had a dilatory motive. State Farm argues that Cook's counsel is familiar with what constitutes a claim for "bad faith" or for breach of Nevada's Unfair Claims Practices Act. Resp. Mot. Amend at 6, ECF No. 16. State Farm appears to be implying that Cook was perfectly capable of bringing these claims at the time she filed her initial Complaint on March 3, 2014. However, it is certainly plausible that Cook was not aware of the existence of these potential claims until receiving the report of State Farm's medical expert, which allegedly only considered Cook's medical records through June 20, 2013 (instead of through December 2013, as State Farm contends) despite being issued on January 6, 2014. Reply in Supp. Mot. Amend at 11-12, ECF No. 17. It is certainly true that courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" when evaluating whether there has been undue delay. AmerisourceBergen Corp., 465 F.3d at 953 (internal quotation marks omitted). However, State Farm has not shown that Cook knew or should have known of its expert's report at the time she filed her original Complaint. Therefore, the Court finds that there is no showing of undue delay or bad faith.

Second, State Farm has not made a showing that Cook's additional claims would be futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997). State Farm argues that Cook's additional claims are based on State Farm's conduct after the onset of litigation, and that such conduct is not admissible to prove a bad faith claim. Resp. Mot. Amend at 7-8. However, the bad faith and Unfair Claims Practices Act claims in Cook's proposed Amended Complaint merely allege that State Farm did not diligently investigate the circumstances around Cook's

accident and failed to fairly and promptly evaluate and resolve her claim. Mot. Amend Ex. 1, ¶¶ 19-33. On their face, these claims do not appear to rely on State Farm's post-litigation conduct, and State Farm has not shown that there is no set of facts that could be proved that would constitute a valid claim for bad faith or violation of Nevada's Unfair Claims Practices Act.

Because State Farm has not shown the existence of undue delay, bad faith, undue prejudice, or futility, the Court grants leave to amend in this case.

## V.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Jill Cook's Motion to Amend Complaint (ECF No. 15) is GRANTED. Plaintiff shall have **14 days** from the date of this Order to file the Amended Complaint.

DATED this 29th day of April, 2015.

**RICHARD F. BOULWARE, II**
**United States District Judge**